

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

JOSH SHAPIRO
ATTORNEY GENERAL

September 23, 2021

1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
(412) 235-9067
dmullen@attorneygeneral.gov

Patricia S. Dodszuweit
U.S. Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106

    Re:    *Lara, et al. v. Commissioner Pa. State Police*, 21-1832

Dear Ms. Dodszuweit:

Pursuant to Fed.R.App.P. 28(j), Appellee, Commissioner Robert Evanchick, writes to advise of a pertinent and significant decision issued yesterday morning—moments before Commissioner Evanchick's response brief was filed—in *Hirschfeld v. BATFE*, ___ F.4th ___, 2021 WL 4301564 (4th Cir. Sept. 22, 2021) (*Hirschfeld II*), in which the Fourth Circuit vacated its prior opinion in *Hirschfeld v. BATFE*, 5 F.4th 407 (4th Cir. 2021) (*Hirschfeld I*) on mootness grounds.

In his response brief, Commissioner Evanchick referenced the now-defunct opinion in *Hirschfeld I*, in which a divided three-judge panel invalidated a federal law restricting the sale of handguns to those under 21 years of age. Response Br. at 35 n.19. At the time of Commissioner Evanchick's filing, *Hirschfeld I* was the only decision in any court that adopted the argument advanced in this case, *i.e.*, that firearms laws regulating 18-to-20-year-olds implicate the Second Amendment because certain laws from the 1700s required 18-to-20-year-olds to serve in militias. *Hirschfeld I*, 5 F. 4th at 428-434.

As Commissioner Evanchick noted, the reasoning of the two judges in the now-defunct *Hirschfeld I* majority was in tension with this Court's holdings that firearms regulations need not "mirror precise founding era analogues" to be considered longstanding and presumptively valid. *Compare Drummond v. Robinson Twp.*, 9 F.4th 217, 226-27 (3d Cir. 2021) (criticizing the requirement of a precise founding-era analogue as a "rigid approach"), *and Drake v. Filko*, 724 F.3d 426, 341-34 (3d Cir. 2013) (relying on 19th and 20th century authorities), *with Hirschfeld I*, 5 F 4th at 439 ("we focus the historical inquiry in step one on the time of ratification in 1791").

Now that the opinion of the two judges in the *Hirschfeld I* majority has been vacated, no court has adopted the interpretation of the Second Amendment advanced in this case. Rather, as the District Court correctly observed below, "there is a broad consensus among federal courts that individuals under the age of 21 may face restrictions consistent with the Second Amendment." JA22 (dist. ct. op.); *see also* JA15-20 (dist. ct. op.) (collecting cases).

Respectfully,

JOSH SHAPIRO
Attorney General

By: /s/ Daniel B. Mullen

DANIEL B. MULLEN
Deputy Attorney General
Appellate Litigation Section
Bar No. 321525 (Pa.)

J. BART DELONE
Chief Deputy Attorney General
Chief, Appellate Litigation