IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 21-1832

MADISON M. LARA, SOPHIA KNEPLEY, LOGAN D. MILLER,
SECOND AMENDMENT FOUNDATION, INC., and
FIREARMS POLICY COALITION, INC.,

                                                   Appellants

v.

COMMISSIONER PENNSYLVANIA STATE POLICE,

                                                   Appellee

**SUPPLEMENTAL BRIEF FOR APPELLEE,
COMMISSIONER PENNSYLVANIA STATE POLICE**

APPEAL FROM THE JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ENTERED APRIL 16, 2021

|  |  |  |
|---|---|---|
|  | | JOSH SHAPIRO<br>*Attorney General* |
| Office of Attorney General<br>1251 Waterfront Place<br>Pittsburgh, PA 15222<br>Phone: (412) 235-9067<br>FAX:   (412) 565-3028 | BY: | DANIEL B. MULLEN<br>*Deputy Attorney General* |
|  | | J. BART DELONE<br>*Chief Deputy Attorney General*<br>*Chief, Appellate Litigation Section* |
| DATE: November 18, 2021 | | |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................1

ARGUMENT ..........................................................................................................1

CONCLUSION .......................................................................................................9

CERTIFICATE OF COUNSEL ...........................................................................10

CERTIFICATE OF SERVICE .............................................................................11

# TABLE OF AUTHORITIES

Page

**Cases**

*Am. Bird Conservancy v. Kempthorne*, 559 F.3d 184 (3d Cir. 2009) .......................4

*Cnty. of Butler v. Governor of Pa.*, 8 F.4th 226 (3d Cir. 2021)........................ 5, 7, 8

*Davis v. FEC*, 554 U.S. 724 (2008) ........................................................................3

*Ex parte Young*, 209 U.S. 123 (1908) ....................................................................3

*Hamilton v. Bromley*, 862 F.3d 329 (3d Cir. 2017) ..............................................7, 8

*Hartnett v. Pennsylvania State Educ. Ass'n*, 963 F.3d 301 (3d Cir. 2020) ...............4

*J.C. v. Ford*, 674 Fed. Appx. 230 (3d Cir. 2016).....................................................3

*New Jersey Tpk. Auth. v. Jersey Cent. Power & Light*,
    772 F.2d 25 (3d Cir. 1985)................................................................................4, 7

*New York Rifle & Pistol Ass'n, Inc. v. City of New York*,
    140 S.Ct. 1525 (2020) ...........................................................................................7

*Rhodes v. Stewart*, 488 U.S. 1 (1988) .....................................................................4

*Spencer v. Kemna*, 523 U.S. 1 (1998) .....................................................................7

*Trump v. Hawaii*, 138 S.Ct. 377 (2017)...................................................................7

*United States v. Huff*, 703 F.3d 609 (3d Cir. 2013) .................................................3

*United Steel Paper and Forrest Rubber Mfg. Allied Indus. v. Virgin Islands*,
    842 F.3d 201 (3d Cir. 2016).................................................................................3

*Weaver v. Wilcox*, 650 F.2d 22 (3d Cir. 1981) ........................................................3

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) ...................................3

*Young v. Hawaii*, 992 F.3d 765 (9th Cir. 2021)........................................................2

**Constitutional Provisions**

PA CONST Art. IV, § 20................................................................................................5, 9

**Statutes**

18 Pa.C.S. § 6107..........................................................................................................1

**Other Authorities**

2021 Pa. H.R. 139, Gen. Assemb., Reg. Sess. (Pa. 2021) .........................................5

Gov. Tom Wolf, Press Release, "Opioid Disaster Declaration to End Aug. 25,"
 (Aug. 25, 2021), https://www.governor.pa.gov/newsroom/opioid-disaster-
 declaration-to-end-aug-25/..................................................................................5

# INTRODUCTION

Recent developments have rendered this case moot. Specifically, an amendment to the Pennsylvania Constitution has resulted in the expiration of all relevant gubernatorial emergency proclamations. Because of that development, Section 6107 of the Pennsylvania Uniform Firearms Act (UFA), 18 Pa.C.S. § 6107, is not in currently effect, and 18-to-20-year-olds currently have the ability to openly carry firearms throughout the Commonwealth of Pennsylvania.

# ARGUMENT

This is an official capacity suit against a single Commonwealth defendant, Robert Evanchick, Commissioner of the Pennsylvania State Police. Through most of this litigation, the Coalition has strategically avoided identifying precisely what it wants out of this facial challenge to the public-carry provisions the UFA, except to state that it brought suit to secure the ability of 18-to-20-year-olds to carry firearms in public "*in at least some manner*." Dist. Ct. Docket No. 33 at 10 (plaintiffs' preliminary injunction reply) (emphasis in original).[1] Indeed, the

---

[1] Although the Coalition also raised an as-applied challenge to the UFA's public-carry provisions, Commissioner Evanchick noted in his appellate response brief that the Coalition's complaint did not assert facts that would support an as-applied challenge, that none of the Coalition's post-complaint filings distinguished its facial challenge from its as-applied challenge, and that the Coalition forfeited any as-applied challenge by failing to raise it in its initial appellate brief. *See* Response Br. at 7 n.4 (citing *Young v. Hawaii*, 992 F.3d 765, 780 (9th Cir. 2021) (appellant forfeited as-applied challenge by failing to adequately plead it or raise it in initial

Coalition acknowledged that it is "agnostic as to whether they do so concealed or openly." Reply Br. at 4.

But in response to the Eleventh Amendment argument raised by Commissioner Evanchick, the Coalition begrudgingly (and for the first time since it filed its complaint) identified a specific form of relief: an order preventing the Pennsylvania State Police "from arresting 18-to-20-year-olds for openly carrying firearms during an emergency in violation of Sections 6106 and 6107." Reply Br. at 4; *see also id.* at 24-25. To date, it has not identified any other relief it could obtain from Commissioner Evanchick in the present suit.

Because of recent developments that post-date the District Court's judgment—including an amendment to the Pennsylvania Constitution and the expiration of all relevant gubernatorial emergency proclamations—18-to-20-year-olds currently have the ability to carry firearms openly throughout the Commonwealth. Given the Coalition's indifference as to whether 18-to-20-year-olds may carry firearms openly or concealed, these developments have provided the Coalition the precise relief it sought to obtain by bringing this action. The Coalition's

---

appellate brief)). The District Court also construed the Coalition's action as a facial challenge only. *See* JA10 (dist ct. op.) ("Plaintiffs assert a facial challenge to Sections 6106, 6107, and 6109."). The Coalition's appellate reply brief made no effort to address its forfeiture of its as-applied challenge. Accordingly, the Coalition has not preserved any as-applied challenge to the UFA.

suit, which seeks prospective relief only,[2] and purports to fall within the *Ex parte Young* exception to the Eleventh Amendment,[3] is now moot.

Article III of the United States Constitution requires that a case or controversy be extant through each stage of review, including an appeal. *See Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981). A case is moot when "the *issues presented* are no longer live or the parties lack a legally cognizable interest in the outcome." *United Steel Paper and Forrest Rubber Mfg. Allied Indus. v. Virgin Islands*, 842 F.3d 201, 208 (3d Cir. 2016) (emphasis added). "When parties lose their personal stake in the outcome, the case becomes moot and must be dismissed, even if it once was a live controversy at an earlier stage of the proceeding." *United States v. Huff*, 703 F.3d 609, 611 (3d Cir. 2013) (citing *Davis v. FEC*, 554 U.S. 724, 732-33 (2008)).

---

[2] Although the Coalition's complaint also sought nominal damages, as Commissioner Evanchick noted in his response brief, damages are not recoverable against him because he was sued in his official capacity only. *See* Response Br. at 8 n.5; *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Coalition did not challenge that assertion in its reply brief.

[3] To satisfy the *Ex parte Young* doctrine, a plaintiff must sue an appropriate state official for prospective relief to prevent an ongoing violation of federal law. *See* 209 U.S. 123, 157 (1908). Additionally, the official sued must threaten and be about to commence proceedings against the plaintiff. *Id.* at 155; *see also J.C. v. Ford*, 674 Fed. Appx. 230, 232 (3d Cir. 2016) (" . . . plaintiffs who seek the jurisdiction of the federal courts must show that they have sustained or are in immediate danger of sustaining some direct injury as the result of the challenged official conduct. The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'") (citations omitted).

"The central question of all mootness problems is whether changes in circumstances that prevailed *at the beginning of the litigation* have forestalled any occasion for meaningful relief." *Am. Bird Conservancy v. Kempthorne*, 559 F.3d 184, 188 (3d Cir. 2009) (cleaned up, citation omitted, emphasis added). A court can enter a declaratory judgment 'if, and only if, it affects the behavior of the defendant toward the plaintiff.'" *Hartnett v. Pennsylvania State Educ. Ass'n*, 963 F.3d 301, 307 (3d Cir. 2020) (quoting *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988)). Otherwise, the claims are purely academic. *See New Jersey Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 27 (3d Cir. 1985) (vacating district court's order with instructions to dismiss case as moot after concluding that "the controversy has become academic by reason of [] changed circumstances").

The conditions that gave rise to this official-capacity suit have changed dramatically. When the Coalition brought suit in October 2020, Pennsylvania had been in an uninterrupted state of emergency for nearly three years because of the opioid and COVID-19 public health crises. But after the Coalition filed its notice of appeal, Pennsylvania amended its constitution to limit the Governor's authority to issue an emergency declaration to 21 days, unless the General Assembly votes to

extend it. *See* PA CONST Art. IV, § 20. As of this filing, the Opioid,[4] COVID-19,[5] and Hurricane Ida[6] emergency proclamations have lapsed and cannot be re-instituted. Thus, the Commonwealth is not currently under a declared state of emergency and the public-carry provisions of Section 6107 are not currently in effect. And, moving forward, the public-carry provisions of Section 6107 will be circumscribed by Article IV, Section 20 of the Pennsylvania Constitution.

The Coalition's opening appellate brief made it clear that its cause of action hinged on a confluence of factors, specifically, the "combined force of Sections 6106, 6107, 6109 . . . in conjunction with the ongoing declared state of emergency." Opening Br. at 8; *see also id.* at 3 ("It is only because of the currently active 'state of emergency' arising from the opioid epidemic . . . that Plaintiffs and others in their age group are prohibited" from carrying firearms in public). Indeed, the Coalition's opening brief presented only one issue for this Court's review, which specifically referenced the now-defunct 2018 opioid proclamation: "Whether Pennsylvania's

---

[4] *See* Gov. Tom Wolf, Press Release, "Opioid Disaster Declaration to End Aug. 25," (Aug. 25, 2021), https://www.governor.pa.gov/newsroom/opioid-disaster-declaration-to-end-aug-25/.

[5] *Cnty. of Butler v. Governor of Pa.*, 8 F.4th 226, 229 (3d Cir. 2021) (acknowledging the expiration of Pennsylvania's COVID-19 emergency proclamation).

[6] 2021 Pa. H.R. 139, Gen. Assemb., Reg. Sess. (Pa. 2021) (concurrent resolution extending Hurricane Ida proclamation until Oct. 27, 2021).

regulatory scheme restricting 18-to-20-year-old adults from carrying and transporting firearms in public for the purpose of self-defense—in particular 18 Pa. C.S. §§ 6106, 6107, and 6109, *together with the Governor's Proclamation of Disaster Emergency* initially issued on January 10, 2018, violates the Second Amendment[.]" Opening Br. at 4 (emphasis added).

The Coalition's emphasis on the existence of a declared state of emergency coheres with the District Court's understanding of the Coalition's cause of action:

> Plaintiffs . . . believe that the *emergency declarations* have created a situation in which Sections 6106, 6107, and 6109 *work together* to infringe upon their rights to keep and bear arms guaranteed by the Second Amendment. They contend that these provisions, *taken together*, deprive 18-to-20-year-old Pennsylvanians of the right to bear arms in public in any manner.

JA4 (Dist. Ct. Op.) (cleaned up, emphasis added); *see also* JA11 (dist. ct. op.) "[Plaintiffs] are careful to point out, however, that they do not challenge any of these sections *individually*.") (emphasis in original) (citing plaintiff's motion to dismiss br., ECF No. 36 at 10)).

In other words, the presence of an open-ended declared state of emergency was fundamental to, and inexorably intertwined with, the Coalition's motivation for bringing suit in the first place. Because Pennsylvania is no longer operating under a state of emergency, and the manner in which such emergencies function has been changed by law, the Coalition has obtained the precise relief it sought to obtain by bringing this action, that is, the ability of 18-to-20-year-olds to carry openly in

public. This case is therefore moot. *See New York Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S.Ct. 1525, 1526 (2020) (per curiam) (claim was moot after the challenged law was amended, thus providing "the precise relief that petitioners requested").

Neither the capable-of-repetition-yet-evading-review nor the voluntary cessation exceptions to mootness apply here. The capable-of-repetition-yet-evading-review exception applies "only in exceptional circumstances" when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, *and* (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (quoting *Spencer v. Kemna,* 523 U.S. 1, 17 (1998)) (emphasis added). The Coalition bears the burden of establishing both prongs of the capable-of-repetition exception. *See New Jersey Tpk. Auth.*, 772 F.2d at 31-33. And, as this Court has stated, "'[c]apable of repetition' is not a synonym for 'mere speculation;' it is a substantive term on which the moving party must provide a reasonable quantity of proof—perhaps even by the preponderance of the evidence." *Hamilton*, 862 F.3d at 336 (quoting *New Jersey Tpk. Auth.*, *supra*). The voluntary cessation doctrine does not apply when an executive order expires on its own terms and was not a response to litigation. *Cnty. of Butler v. Governor of Pa.*, 8 F.4th 226, 230 (3d Cir. 2021) (citing *Trump v. Hawaii*, 138 S.Ct. 377 (2017)).

7

Here, the Coalition's complaint and its opening appellate brief specifically emphasized the prolonged, open-ended state of emergency due to the opioid crisis, which was first issued in 2018. The Coalition cannot demonstrate a reasonable expectation that it will be subject to the same action again. Although the Governor still has some authority to issue emergency declarations in the future, those declarations will expire after 21 days. It would be purely speculative to suggest that 18-to-20-year-olds will again be subject to the provisions of Section 6107 in the manner that gave rise to this case, that is, an extended Commonwealth-wide state of emergency that lasts for years uninterrupted. Such speculation cannot save this case from mootness. *See Hamilton*, 862 F.3d at 335-36 (rejecting speculative argument that the plaintiff could be subject to the same "unlawful limitations" where the "conduct complaint of was necessarily predicated on the *unique* features of a particular series of events") (cleaned up, emphasis in original). Further, the emergency proclamations relevant to this case, *i.e.*, opioids and COVID-19, did not expire because of this, or any other, litigation. Rather, those declarations lapsed on their own terms and in accordance with the Pennsylvania Constitution.

For these reasons, no exception to mootness applies. *See Cnty. of Butler*, 8 F.4th 229-31 (neither voluntary cessation nor capable-of-repetition exceptions

applied to lapsed COVID-19 mitigation orders following the enactment of PA CONST Art. IV, § 20).[7]

## CONCLUSION

For the above reasons, the Court should dismiss this case as moot.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:  /s/ Daniel B. Mullen

DANIEL B. MULLEN
Deputy Attorney General
Bar No. 321525 (Pa.)

J. BART DeLONE
Chief Deputy Attorney General
Chief, Appellate Litigation Section

Office of Attorney General
1251 Waterfront Place
Pittsburgh, PA 15222
Phone: (412) 235-9067
FAX:   (412) 565-3028

DATE: November 18, 2021

---

[7] If the Court determines that this case is not moot, Commissioner Evanchick stands by the justiciability and merits arguments raised in his response brief.

## CERTIFICATE OF COUNSEL

I, Daniel B. Mullen, Deputy Attorney General, hereby certify as follows:

1. That I am a member of the bar of this Court.

2. That the text of the electronic version of this brief is identical to the text of the paper copies.

3. That a virus detection program was run on the file and no virus was detected.

4. That this brief contains 2,029 words within the meaning of Fed. R. App. Proc. 32(a)(7)(B). In making this certificate, I have relied on the word count of the word-processing system used to prepare the brief.

/s/ Daniel B. Mullen

DANIEL B. MULLEN
Deputy Attorney General

## CERTIFICATE OF SERVICE

I, Daniel B. Mullen, Deputy Attorney General, do hereby certify that I have this day served the foregoing Supplemental Brief for Appellee, Commissioner Pennsylvania State Police, via electronic service, on the following:

David H. Thompson
Peter A. Patterson
John D. Ohlendorf
Cooper & Kirk, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036

Joshua Prince
Civil Rights Defense Firm, P.C.
646 Lenape Rd.
Bechtelsville, PA 19505

Seven copies were also sent by first class mail to the Clerk of the United States Court of Appeals for the Third Circuit in Philadelphia, Pennsylvania.

/s/ Daniel B. Mullen

DANIEL B. MULLEN
Deputy Attorney General

DATE: November 18, 2021