IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| MADISON M. LARA, *et al.*, | : | No. 21-1832 |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER PENNSYLVANIA | : | |
| STATE POLICE, | : | |
| | : | |
| Appellee | : | |

## RESPONSE IN OPPOSITION TO APPELLANTS' MOTION TO SUPPLEMENT THE RECORD

Appellee, the Commissioner of the Pennsylvania State Police, respectfully files this response in opposition to the Appellants' motion to supplement the record on appeal. With oral argument around the corner, Appellants seek to enlarge the record to include a vague, conclusory affidavit from George Pershall, a 19-year-old non-plaintiff who does not even own a concealable firearm. Pershall Affidavit ¶ 11. With no analysis, Appellants baldly assert that this affidavit somehow "avoid[s] any suggestion of mootness in this case[.]." Motion at ¶ 5. Appellants' eleventh-hour effort to enlarge the record with this evidence is improper. But even if the Court allowed this evidence, it would not save this case from being moot.

The Commissioner has already established one post-appeal development that has mooted this case, *i.e.*, changes to Pennsylvania law led to the expiration of the state-wide emergency proclamations due to the COVID-19 pandemic and opioid

epidemic, and thus brought an end to the circumstances that precipitated this lawsuit. *See* 3d Cir. Dkt. Nos. 43, 57 (Commissioner's supplemental briefs); *see also* PA CONST Art. IV, § 20.[1]

In their motion to supplement the record, Appellants acknowledge another post-appeal development that will soon render this case moot for a second reason, *i.e.*, by the end of this month all three individual plaintiffs will be at least 21 years-of-age and thus free from the age-based public-carry provisions that are the subject of this litigation. *Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 14 F.4th 322, 326 (4th Cir. 2021) (holding that a Second Amendment challenge to federal firearms law restricting 18-to-20-year-olds was moot when the plaintiff turned 21); *see also Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336

---

[1] Although Pennsylvania's Governor recently issued an emergency proclamation due to the I-95 bridge collapse, that emergency declaration is limited to Philadelphia County only. *See* Gov. Josh Shapiro, Proclamation of Disaster Emergency, June 12, 2023, (". . . I do hereby proclaim the existence of a disaster emergency in Philadelphia County . . ."), full text available at: https://www.pema.pa.gov/Governor-Proclamations/Documents/2023.6.12-Disaster-Emergency-Proclamation-I-95-PDF.pdf.

Thus, 18 Pa.S.C. § 6107 is in effect in Philadelphia County only. That makes the current emergency proclamation is fundamentally different than the COVID-19 and opioid proclamations, which applied state-wide. None of the individual plaintiffs in this case live in Philadelphia County or allege any desire or likelihood of publicly carrying firearms in Philadelphia. This includes Pershall, who lives in Chester County and likewise does not allege that any desire or likelihood of carrying firearms in Philadelphia. Pershall Affidavit ¶ 1.

F.3d 211, 217 (3d Cir. 2003) (student's claim for declaratory relief was rendered moot by his graduation).

While there are also two institutional plaintiffs in the case—the Firearms Policy Coalition and the Second Amendment Foundation—Appellants failed to demonstrate in the District Court that they have any Pennsylvania members between the ages of 18 and 21, other than the three individual plaintiffs. JA5 (dist. ct. op. at 3 n.1). In an effort to make up for that failure, Appellants are now attempting to enlarge the record on appeal with an affidavit from a single non-plaintiff 19-year-old. 3d Cir. Dkt. No. 71. Although Pershall purports to be a member of both the Firearms Policy Coalition and the Second Amendment Foundation, the affidavit does not say when he joined these groups. Pershall Affidavit ¶ 4.

Appellants make no effort to explain why they waited until now to attempt to proffer this evidence, even though they have obviously known for some time when the three individual plaintiffs would turn 21-years-old. *See* 3d Cir. Dkt. No 44 (Appellants' supplemental br. at 4-5) (noting that Appellant Sophia Knepley will turn 21 in June 2023). Despite knowing the ages of the individual plaintiffs since the outset of this case, Appellants waited until now to make any effort to demonstrate that that they have another member who is younger than 21. And the one purported member they were able to find is problematic.

Pershall turned 18 in December of 2021. Pershall Affidavit ¶¶ 1-2. All state-wide disaster proclamations expired in October 2021. *See* 3d Cir. Dkt. Nos. 43 at 8-9 (Commissioner's Supp. Br. at 4-5). Because Pershall was not between the ages of 18 and 21 when any statewide disaster proclamations were in effect, he has never been at risk of running afoul of 18 Pa.C.S. § 6107 by openly carrying firearms in public. Therefore, he was never subjected to the circumstances that gave rise to this litigation. And it is purely speculative to suggest he ever will be. Pershall thus lacks actual injury and, as a result, does not provide the institutional appellants with footing for their associational standing. *See Pennsylvania Prison Soc. v. Cortes*, 508 F.3d 156, 163 (3d Cir. 2007) ("an association may assert claims on behalf of its members, but only where the record shows that the organization's individual members themselves have standing to bring those claims.").

Remarkably, Pershall also acknowledges that he does not even own a handgun or other concealable firearm. *See* Pershall Affidavit ¶¶ 9-11. While he claims that this is based on his personal interpretation of Pennsylvania law that he says precludes him from carrying a firearm for self-defense, Pershall's conclusory (and inaccurate) averments about Pennsylvania law carry no weight. Pershall's personal view of Pennsylvania law is directly belied by the actual texts of the applicable statues.

Like all Pennsylvanians who are at least 18-years-old, Pershall may possess handguns and other firearms in his home or places of business. 18 Pa.C.S. § 6110.1; 18 Pa.C.S. § 1606(a). Outside the home, Pennsylvania law does not prohibit Pershall or other 18-to-20 year-olds from carrying loaded firearms (including handguns) *openly* in public (so long as there is no state-wide emergency proclamation under 18 Pa.C.S. § 6107, which there has not been since his 18th birthday). And Pershall may transport and carry his firearms in the manners specified in 18 Pa.C.S. § 6106(b), which includes going to and from places of purchase, to and from places to engage in target shooting, and to and from places where he desires to hunt.

It is true that an 18-to-20-year-old Pennsylvanian cannot publicly carry a concealed firearm "on or about his person" without a valid license because the minimum age for a concealed-carry license is 21. 18 Pa.C.S. § 1606(a); 18 Pa.C.S. § 6109. But the Eleventh Amendment bars Appellants' effort to obtain concealed-carry licenses in this suit. *See* 3d Cir. Dkt. No. 38 (Commissioner's response br. at 14-20). And even if it did not, the High Court clarified in *Bruen* that one avenue for public carry is sufficient. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2146-47 (2022) (noting the historical consensus that concealed-carry prohibitions were constitutional so long as they did not prohibit open carry).

So Appellants' undeveloped assertion that this affidavit (if accepted) would save this case from being moot is incorrect. But Appellants' motion fails for a second reason; it is procedurally improper.

The Commissioner does not dispute the general proposition that this Court may consider post-appeal developments that bear on mootness. Indeed, the Commissioner relied on post-appeal changes to Pennsylvania law in support of his mootness arguments. But the Commissioner is asking the Court to consider *undisputed* developments in the law that would be subject to judicial notice in any case, namely, an amendment to the Pennsylvania Constitution and the expiration of the gubernatorial emergency proclamations. Here, by contrast, Appellants have proffered an affidavit with vague, conclusory allegations, which the Commissioner has not had the opportunity to challenge or investigate. Appellants' assertion that their effort to enlarge the record on appeal with this evidence is allowed because appellate court may consider "any evidence" that is relevant to mootness is both incorrect and without limiting principle.

Judicial notice is limited to facts that are "not subject to reasonable dispute because" they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Thus, this Court will generally take judicial notice of new developments that bear on mootness when those developments are public documents like court

filings or other public records. *See Landy v. Fed. Deposit Ins. Corp.*, 486 F.2d 139, 151 (3d Cir. 1973) (taking judicial notice of a related FDIC complaint filed in the same district court). The changes in Pennsylvania law that the Commissioner brought to the Court's attention fall easily within this category. Indeed, this Court considered these developments in *Cnty. of Butler v. Wolf*, holding that they mooted a challenge to Pennsylvania's expired COVID-19 orders. 8 F.4th 226, 229-30 (3d Cir. 2021).

But when it comes to documents like the affidavit Appellants attempt to supplement here, this Court has allowed supplementation on appeal only when there is no dispute among the parties about the facts in question. *See, e.g.*, *Brody v. Spang*, 957 F.2d 1108, 1114 n.4 (3d Cir. 1992) (considering fact not of record where the parties submitted a joint stipulation under Fed.R.App.P. 10(e)); *Clark v. K-Mart Corp.*, 979 F.2d 965, 967 (3d Cir. 1992) (considering supplemental facts that were either "unrebutted or deemed admitted") (citing *Brody*, *supra*); *see also TD Bank N.A. v. Hill*, 928 F.3d 259, 268 (3d Cir. 2019) (citing *Clark*, *supra*). In those instances where the facts are disputed—as is the case here—the motion to supplement should be denied. *See Weber v. Quinlan*, 792 F. App'x 214, 218 n.8 (3d Cir. 2019) (rejecting appellant's effort to introduce new evidence, but noting that the Court can "take *judicial notice* of new developments not considered by the lower

court") (emphasis added, citations omitted)). This Court will not simply take judicial notice of disputed averments, as Appellants request here.[2]

Appellants lean heavily on this Court's statement in *Constand v. Cosby* that it "may consider any evidence bearing on whether the appeal has become moot." 833 F.3d 405, 409 (3d Cir. 2016) (citing *Clark*, *supra*). But they fail to consider the statement in the context in which it was made.

In *Constan*d, this Court was weighing whether an appeal from a district court's order unsealing court documents became moot once those documents became publicly available and widely disseminated. *Id.* at 407-10. This Court took judicial notice that the contents of the documents were widely reported in various news outlets, including the New York Times and the Associated Press. *Ibid.* This Court was thus looking at the underlying record plus the news reports about that record. So when this Court said it could consider "any evidence," it was talking about generally known" evidence that could be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned," *see* Fed. R. Evid. 201, akin to the legal developments the Commissioner has asked the Court to consider. It

---

[2] When necessary, this Court will remand to the lower court to assess whether a case is moot. *See Sutton v. Rasheed*, 323 F.3d 236, 245 (3d Cir. 2003) (noting that this Court remanded to the district court to decide whether the case was moot in light of competing evidence post-appeal); *see also Clark*, 979 F.2d at 967 ("Because the facts at issue were unrebutted or deemed admitted, there is no need to remand."). But a remand is unnecessary here because, for the reasons already discussed, the proffered affidavit fails to save this case from being moot.

was not considering a disputed affidavit complied more than two years after the notice of appeal was filed. Appellants put more weight on this Court's observation in *Constand* than it can properly bear.

Appellants' freewheeling approach to supplementing the record on appeal has never been endorsed by this Court. If adopted, it would allow any litigant to circumvent Article III's case-or-controversy requirement with self-serving, make-weight affidavits at the eleventh hour like the one Appellants proffer. This is especially true where, as here, the affidavit does not remedy the absence of an actual case or controversy. Appellants' motion should be denied.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By:    */s/ Daniel B. Mullen*
_____

Office of Attorney General                    DANIEL B. MULLEN
1251 Waterfront Place                         Deputy Attorney General
Pittsburgh, PA 15222                          Bar No. 321525 (Pa.)

DATE: June 20, 2023

## CERTIFICATE OF SERVICE

I, Daniel B. Mullen, Deputy Attorney General, certify that I have served the

foregoing document via electronic service on the following:

David H. Thompson
Peter A. Patterson
John D. Ohlendorf
Cooper Kirk, PLLC
(*Counsel for Appellants*)

Joshua Prince
Civil Rights Defense Firm, P.C.
(*Counsel for Appellants*)

Janet Carter
Lisa Ebersole
Everytown for Gun Safety
(*Counsel for Amicus Curiae*)

Alex Hemmer
State of Illinois
Office of Attorney General
(*Counsel for Amicus Curiae*)

James P. Davy
Giffords Center to Prevent Gun Violence
Ceasefire Pennsylvania Education Fund
(*Counsel for Amicus Curiae*)

By:    */s/ Daniel B. Mullen*
_____

DANIEL B. MULLEN
Deputy Attorney General

DATE: June 20, 2023