No. 21-1832

# In the United States Court of Appeals for the Third Circuit

MADISON M. LARA, SOPHIA KNEPLEY, LOGAN D. MILLER, SECOND AMENDMENT FOUNDATION, INC., AND FIREARMS POLICY COALITION, INC.,

*Plaintiffs-Appellants*,

v.

COMMISSIONER PENNSYLVANIA STATE POLICE,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (20-cv-1582)
(Hon. William S. Stickman, IV, Presiding)

**PLAINTIFFS-APPELLANTS' REPLY IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD**

Joshua Prince, Esq.
CIVIL RIGHTS DEFENSE FIRM, P.C.
646 Lenape Road
Bechtelsville, PA 19505
Joshua@CivilRightsDefenseFirm.com
(888) 202-9297
(610) 400-8439 (fax)

David H. Thompson
Peter A. Patterson
John D. Ohlendorf
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

In opposing Plaintiffs' motion to supplement the record, the Commissioner argues that presenting the supplemental affidavit was procedurally improper and, even if accepted, the affidavit is insufficient to prove SAF's and FPC's continued standing. Although only the first argument is relevant to whether this Court should accept Plaintiffs' supplementation of the record, both are wrong.

## I.     The Court Can Consider the Affidavit of George Pershall.

The Commissioner makes two arguments against any consideration of the supplementary affidavit. First, the Commissioner suggests Plaintiffs waited too long to offer evidence of other 18-to-20-year-old members of SAF and FPC beyond the individual plaintiffs, suggesting Plaintiffs "failed to demonstrate in the District Court" that they have additional members in the relevant age range, and that Plaintiffs should have to "explain why they waited until now to attempt to proffer this evidence, even though they have obviously known for some time when the three individual plaintiffs would turn 21-years-old." Resp. in Opp. to Appellants' Mot. to Supp. the Record at 3, Doc. 72 (June 20, 2023) ("Comm'r Opp.").

Plaintiffs' motion is timely. For SAF and FPC to have standing to bring this lawsuit, they need just *one* member who would has standing in his or her own right. *Vill. of Arlington Heights v. Metro House. Dev. Corp.*, 429 U.S. 252, 264 (1977); *see also NRA v. BATFE*, 700 F.3d 185, 191–92 (5th Cir. 2012). And SAF and FPC, in the district court, had no need to identify additional members because their standing

was secure in light of the allegations made by the individual named plaintiffs. The only way Plaintiffs' motion could be untimely would be if there was a period when SAF and FPC entirely lacked 18-to-20-year-old members with an interest in challenging Pennsylvania's laws. *See Hirschfeld v. BATFE*, 14 F.4th 322, 326–27 (4th Cir. 2021). And while the Commissioner complains that "the affidavit does not say when [Pershall] joined [SAF and FPC]," Comm'r Opp. at 3, Plaintiffs were clear that when they filed his affidavit, Plaintiff Knepley was still under 21, *see* Pls.'-Appellants' Mot. to Supp. the Record at 1, Doc. 71-1 (June 12, 2023). Because there has never been a time when SAF and FPC have lacked a Pennsylvania member with an interest in this lawsuit, they retain standing and their motion is timely. *See Jones v. Bonta*, 34 F.4th 704, 713 (9th Cir. 2022), *vacated on reh'g en banc*, 47 F.4th 1124 (9th Cir. 2022) (en banc) (vacating for further consideration in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)).

The Commissioner's claim that Plaintiffs should have identified Pershall earlier is spurious. There is no rule that all members with standing must be identified in the district court, and it would have been impossible to do so here anyway. Plaintiffs filed their notice of appeal in this case on April 23, 2021. Pershall was, at the time, 17 years old and therefore outside of the scope of this challenge. And the Commissioner can hardly claim prejudice from Plaintiffs' disclosure of an additional member. "In a facial constitutional challenge, individual application facts do not

matter. Once standing is established, the plaintiff's personal situation becomes irrelevant." *Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011). Pershall's particular facts are only relevant to this case to secure SAF's and FPC's standing.

Second, the Commissioner argues that the supplemental evidence is inadmissible because, he claims, this Court only allows supplementation by affidavit "when there is no dispute among the parties about the facts in question." Comm'r Opp. at 7. As an initial matter, it is not clear that there *is* any dispute about the facts in question. The Commissioner objects to this Court considering the affidavit, and he argues that the affidavit, if accepted, is insufficient to confer standing, but nowhere does he suggest that he has any basis to contest the core facts of the affidavit: Pershall is 19 years old and would, if not prevented from carrying as he wishes by the laws challenged here, acquire and carry a handgun for self-defense. Furthermore, the Commissioner's attempt to limit the consideration of additional evidence regarding mootness to those facts that are stipulated or which are otherwise judicially noticeable has no basis in the law. Comm'r Opp. at 6. Although the Commissioner has collected several cases in which there *was* no dispute over the facts regarding mootness, or the evidence was presented in a judicially noticeable format, no case says that the Court must ignore even contested evidence (which, again, this is not) when mootness is in issue. *See* Comm'r Opp. at 7. The only case the Commissioner cites in which the Court declined to consider new evidence was a

case that did not involve mootness at all, *see* Comm'r Opp. at 7 (citing *Weber v. Quinlan*, 792 F. App'x 214 (3d Cir. 2019), but when evaluating mootness, the Court has a much broader ability to accept new evidence than in other circumstances: "Moreover, we [do] not consider new evidence on appeal absent extraordinary circumstances, such as those that render the case moot or alter the appropriateness of injunctive relief, a change in pertinent law, or facts of which a court may take judicial notice." *In re Application of Adan*, 437 F.3d 381, 389 n.3 (3d Cir. 2006). If the Commissioner had his way, and this Court were restricted to judicially noticeable facts even when considering mootness, there would be no difference between mootness and any other issue. That cannot be right—if it were, there would be no way for Plaintiffs to maintain standing, and stay in this Court, long enough to have their case adjudicated on the merits.

## II. The Pershall Affidavit Establishes SAF's and FPC's Claims Are Not Moot.

The Commissioner argues Pershall lacks standing (and therefore SAF's and FPC's claims are moot) because (1) he was not yet 18 at the time the last Pennsylvania emergency declaration expired and (2) he does not own a handgun. Neither of these facts is significant. As to the fact that Pershall does not own a handgun, he does not own one *because* of the restrictions Pennsylvania places on him. To have standing to bring a pre-enforcement challenge regarding the constitutionality of a statute, all a plaintiff must do is allege (or have a member who

4

alleges) "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (quotation marks omitted). Here, Pershall has sworn he would, if he were not banned from carrying a handgun with him in his vehicle while he was delivering pizzas, purchase a handgun and carry it with him in his car on such occasions, in violation of the laws challenged here. *See* Pershall Decl. ¶ 9, Doc. 71-1. That is sufficient to establish his standing (and through him, SAF's and FPC's).

And his standing is not limited to just transportation restrictions. He of course was under 21 when the prior emergency declarations were in place, and the restrictions imposed during declared emergencies would, when they next take effect, thwart his desire to carry a firearm in public during declared emergencies. *Id.* ¶ 7. As discussed in Plaintiffs' brief, emergencies are anything but rare in Pennsylvania. *See* Pls.'-Appellants' Supp'l Resp. Br. at 1–2 & n.1, Doc. 44 (Nov. 18, 2021). Because those restrictions are capable of repetition, yet short enough in duration to virtually guarantee they will evade review under ordinary mootness principles, Plaintiff SAF and FPC have standing to continue to challenge those restrictions on behalf of members like Pershall, even when no declared emergency is in place. *See id.* at 5.

### III. The Court Must Accept Plaintiffs' Well-Pleaded Allegations As True.

Even if this Court is not inclined to consider Pershall's affidavit, at this stage in the case, on appeal from the granting of a motion to dismiss, the Court is required to accept as true all well-pleaded allegations in the complaint and to draw all inferences in Plaintiffs' favor. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). In this case, that means the Court must accept that SAF and FPC have 18-to-20-year-old members in Pennsylvania who are affected by the laws at issue here. Both SAF and FPC alleged in the complaint that they have members in Pennsylvania who have been adversely and directly harmed by the laws at issue here. *See* Compl. ¶¶ 76, 85, *Lara v. Evanchick*, No. 2:20-cv-01582, Doc. 1 (W.D. Pa. Oct. 16, 2020). And the Executive Vice President of SAF and the President of FPC both submitted declarations in the district court stating that they have such members other than the named Plaintiffs. *See* Decl. of Brandon Combs, *Lara*, Doc. 11–5 (W.D. Pa. Dec. 1, 2020); Decl. of Alan Gottlieb, *Lara*, Doc. 11–6 (W.D. Pa. Dec. 1, 2020). It is a fair inference that these organizations, which together have hundreds of thousands of members, continue to have members in Pennsylvania who are between 18 and 20 years old and who are adversely affected by the laws at issue. *Id.* at ¶¶ 23–24.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to supplement the record and, on the basis of the submitted affidavit or the allegations in the Complaint, find that Plaintiffs SAF and FPC retain standing to challenge the laws at issue in this appeal.

Dated: June 27, 2023

Respectfully submitted,

/s/ *David H. Thompson*

| | |
|---|---|
| Joshua Prince, Esq. | David H. Thompson |
| CIVIL RIGHTS DEFENSE FIRM, P.C. | Peter A. Patterson |
| 646 Lenape Road | John D. Ohlendorf |
| Bechtelsville, PA 19505 | COOPER & KIRK, PLLC |
| joshua@civilrightsdefensefirm.com | 1523 New Hampshire Avenue, NW |
| (888) 202-9297 | Washington, DC 20036 |
| (610) 400-8439 (fax) | (202) 220-9600 |
| | (202) 220-9601 (fax) |
| | dthompson@cooperkirk.com |

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF BAR MEMBERSHIP

I hereby certify that I am a member of the bar of this Court.

Dated: June 27, 2023
/s/ *David H. Thompson*
David H. Thompson
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(C) because it contains 1,586 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft Office 365 in 14-point Times New Roman font.

The Portable Document Format version of the attached document has been scanned for viruses using VirusTotal Antivirus Software, and according to that program, the document is free of viruses.

Dated: June 27, 2023
s/ David H. Thompson
David H. Thompson
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on June 27, 2023. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: June 27, 2023

s/ David H. Thompson
David H. Thompson

*Counsel for Plaintiffs-Appellants*