No. 21-1832

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

MADISON LARA, et al.,

Plaintiffs-Appellants,

v.

COMMISSIONER OF THE
PENNSYLVANIA STATE POLICE,

Defendant-Appellee.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania (No. 2:20-cv-01582)
The Honorable William S. Stickman

## BRIEF OF AMICI CURIAE ILLINOIS, DELAWARE, NEW JERSEY, CALIFORNIA, CONNECTICUT, DISTRICT OF COLUMBIA, HAWAII, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, NEVADA, NEW MEXICO, NEW YORK, OREGON, RHODE ISLAND, VERMONT, AND WASHINGTON IN SUPPORT OF DEFENDANT-APPELLEE'S PETITION FOR REHEARING OR REHEARING EN BANC

KATHLEEN JENNINGS
Attorney General
State of Delaware

MATTHEW J. PLATKIN
Attorney General
State of New Jersey

Attorneys for Amici States

KWAME RAOUL
Attorney General
State of Illinois

JANE ELINOR NOTZ
Solicitor General
ALEX HEMMER
Deputy Solicitor General
115 South LaSalle Street
Chicago, IL 60603
(312) 814-5526
alex.hemmer@ilag.gov

*(Additional counsel on signature page)*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ii

IDENTITY AND INTEREST OF AMICI STATES ................................... 1

ARGUMENT ........................................................................................... 2

    The Case Should Be Reheard En Banc............................................. 2

    A.   The panel opinion raises questions about the constitutionality of state laws nationwide. ............................ 3

    B.   The panel opinion sets out a methodological rule that is out of step with Supreme Court precedent and will threaten state firearm regulations in other contexts............................. 9

CONCLUSION ....................................................................................... 13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Drake v. Filko,*
    724 F.3d 426 (3d Cir. 2013) .................................................................. 1

*Ezell v. City of Chicago,*
    651 F.3d 684 (7th Cir. 2011) .............................................................. 12

*Gould v. Morgan,*
    907 F.3d 659 (1st Cir. 2018) .............................................................. 12

*McDonald v. City of Chicago,*
    561 U.S. 742 (2010) ...................................................................... 11, 12

*Medtronic, Inc. v. Lohr,*
    518 U.S. 470 (1996) ............................................................................ 3

*New York State Rifle & Pistol Ass'n v. Bruen,*
    597 U.S. 1 (2022) ............................................................ 4, 9, 11, 13

*United States v. Greeno,*
    679 F.3d 510 (6th Cir. 2012) .............................................................. 12

## STATUTES, REGULATIONS, AND RULES

18 U.S.C. § 922 ................................................................................... 6, 8

Fed. R. App. P. 35 ................................................................................... 2

Alaska Stat.
    § 11.61.220 ........................................................................................ 5
    § 18.65.705 ........................................................................................ 5

Ariz. Rev. Stat.
   § 13-3102 ................................................................. 5
   § 13-3112 ................................................................. 5

Ark. Code § 5-73-309 ................................................ 5

Cal. Penal Code
   § 26150 .................................................................. 5
   § 26155 .................................................................. 5
   § 27505 .................................................................. 6
   § 27510 .................................................................. 6

Col. Rev. Stat. § 18-12-112.5 ................................... 6

Conn. Gen. Stat.
   § 29-28 .................................................................. 5
   § 29-34 .................................................................. 6
   § 29-35 .................................................................. 5
   § 29-36f ................................................................. 6

D.C. Code Ann.
   § 7-2502.03 ........................................................... 6
   § 7-2505.2 ............................................................. 6
   § 7-2509.02 ........................................................... 5
   § 22-4507 .............................................................. 6

Del. Code Ann. tit. 11, § 1448 ......................... 5, 6, 8

Del. Code Ann. tit. 24,
   § 901 ..................................................................... 8
   § 903 .................................................................. 6, 8

Fla. Stat.
   § 790.053 .............................................................. 5
   § 790.06 ................................................................ 5
   § 790.065 .............................................................. 6

Ga. Code
  § 16-11-125.1 .................................................................. 5
  § 16-11-126 ..................................................................... 5
  § 16-11-129 ..................................................................... 5

Haw. Rev. Stat. Ann.
  § 134-2 ............................................................................ 6
  § 134-9 ............................................................................ 5

430 Ill. Comp. Stat.
  65/2 ................................................................................. 6
  65/3 ................................................................................. 6
  65/4 ................................................................................. 6
  66/25 ............................................................................... 5

720 Ill. Comp. Stat. 5/24-1 ............................................... 5

Iowa Code § 724.22 ............................................................ 6

Ky. Rev. Stat. § 237.110 ..................................................... 5

La. Rev. Stat. § 40:1379.3 ................................................. 5

Mass. Gen. Laws ch. 140,
  § 130 ............................................................................... 6
  § 131 ........................................................................... 5, 6
  § 131E ............................................................................. 6

Md. Code Ann., Pub. Safety
  § 5-101 ............................................................................ 6
  § 5-133 ............................................................................ 6
  § 5-134 ............................................................................ 6

Mich. Comp. Laws
  § 28.422 .......................................................................... 6
  § 28.425b ........................................................................ 5

Minn. Stat. § 624.714 ......................................................... 5

Mo. Rev. Stat. § 571.080 ................................................................ 6

Neb. Rev. Stat.
   § 69-2403 ................................................................................. 6
   § 69-2404 ................................................................................. 6
   § 69-2433 ................................................................................. 5

Nev. Rev. Stat. § 202.3657 ........................................................... 5

N.J. Stat. Ann.
   § 2C:58-3 ........................................................................... 5, 6, 8
   § 2C:58-4 ............................................................................... 5, 8
   § 2C:58-6.1 ............................................................................ 6, 8

N.M. Stat. § 29-19-4 ..................................................................... 6

N.Y. Penal Law § 400.00 ............................................................ 5, 6

N.C. Gen. Stat. § 14-415.121 ........................................................ 6

Ohio Rev. Code Ann.
   § 2923.125 ............................................................................... 6
   § 2923.21 ................................................................................. 6

Okla. Stat. tit. 21 § 1272 ............................................................... 5

Or. Rev. Stat. § 166.291 ................................................................ 6

R.I. Gen. Laws
   § 11-47-11 ............................................................................... 5
   § 11-47-18 ............................................................................... 5
   § 11-47-35 ............................................................................... 6
   § 11-47-37 ............................................................................... 6

S.C. Code § 23-31-215 ................................................................... 5

Utah Code
  § 76-10-505 ................................................................. 6
  § 76-10-523 ................................................................. 6

Vt. Stat. Ann. tit. 13, § 4020 ....................................... 6

Va. Code § 18.2-308.02 ................................................. 6

Wash. Rev. Code Ann.
  § 9.41.070 ................................................................... 6
  § 9.41.240 ................................................................... 6

Wis. Stat. § 175.60 ....................................................... 6

Wyo. Stat. § 6-8-104 .................................................... 6

## IDENTITY AND INTEREST OF AMICI STATES

The amici States of Illinois, Delaware, New Jersey, California, Colorado, Connecticut, the District of Columbia, Hawaii, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Mexico, New York, Oregon, Rhode Island, Vermont, and Washington submit this brief in support of Defendant-Appellee the Commissioner of the Pennsylvania State Police ("Pennsylvania")'s rehearing petition pursuant to Federal Rule of Appellate Procedure 29(b)(2).

The amici States have a substantial interest in the public health, safety, and welfare of their communities, which includes protecting their residents from the harmful effects of gun violence and promoting the safe use of firearms. *See Drake v. Filko*, 724 F.3d 426, 437 (3d Cir. 2013) (States have, "undoubtedly, a significant, substantial, and important interest in protecting [their] citizens' safety"). To serve that interest, a substantial majority of States have historically implemented measures that regulate the sale and use of, and access to, firearms for individuals under the age of 21. Although the States have reached different conclusions on how best to regulate in this area, they share an interest in protecting their right to address gun violence in a way that is

both consistent with the Nation's historical tradition and tailored to the specific circumstances in their States.

The panel opinion threatens this important State interest. The panel held that a Pennsylvania statute that restricts young adults from carrying firearms during states of declared emergency violates those individuals' Second Amendment rights. Op. 36. That conclusion is incorrect, as Pennsylvania explains, but, as set out below, its reasoning also threatens the amici States' own ability to protect public safety in their States. This proceeding thus "involves a question of exceptional importance," Fed. R. App. P. 35(a)(2), warranting rehearing en banc.

## ARGUMENT

### The Case Should Be Reheard En Banc

As Pennsylvania explains, en banc review of the panel opinion is urgently needed. The panel opinion holds unconstitutional a state law that is broadly consistent with the manner in which 30 or more other States regulate firearms, and in doing so "set[s] aside" over 150 years of historical support for such statutes. Op. 22. Both the panel's holding about the challenged statute and the methodological premise on which

it rests have the potential to be profoundly disruptive to amici States,

and both should be revisited en banc.

### A. The panel opinion raises questions about the constitutionality of state laws nationwide.

The Court should rehear this case en banc because the panel

opinion, if not corrected, will raise questions about the constitutionality

of statutes in dozens of States that, like the challenged law, protect

public safety by limiting young people's access to firearms.  These laws

are ubiquitous:  Over 30 States, from Alaska to Louisiana to Wyoming,

ensure firearms are used responsibly by imposing restrictions governing

access to firearms by those under the age of 21.  And such statutes are

constitutional, as Pennsylvania and amici States explained to the panel,

because States have enacted similar laws for over 150 years.  The

panel's contrary conclusion thus raises serious questions about the

constitutionality of laws enacted by a substantial majority of States and

enforced for well over a century.

As the Supreme Court has explained, States have substantial

"latitude under their police powers to legislate as to the protection of

the lives, limbs, health, comfort, and quiet of all persons," *Medtronic,*

*Inc. v. Lohr*, 518 U.S. 470, 475 (1996), an authority that encompasses

protecting their communities against gun violence.  Nothing about the
Court's opinion in *New York State Rifle & Pistol Ass'n v. Bruen*, 597
U.S. 1 (2022), is to the contrary.  Even as the Court held
unconstitutional the statute at issue in that case, *see id.* at 38 n.9, it
emphasized its intent to preserve States' substantial authority to
regulate the possession, sale, and use of firearms, explaining among
other things that a State need not point to *identical* historical statutes
to shoulder its burden at *Bruen*'s second step, *see id.* at 30 (States need
only "identify a well-established and representative historical *analogue*,
not a historical *twin*" (emphases in original)).  Even after *Bruen*, then,
States retain meaningful authority to regulate access to firearms.

And although States have reached different conclusions about how
best to regulate firearms, a substantial majority of States—at least 34,
including every State in this Circuit—have made a judgment similar to
Pennsylvania's:  Imposing age-based restrictions on the sale or use of
firearms is necessary to promote public safety and curb gun violence.
Fifteen jurisdictions, including the two other States in this Circuit—
Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Maryland,
Massachusetts, Minnesota, New Jersey, New York, Oklahoma, Rhode

Island, South Carolina, and the District of Columbia—prohibit people under the age of 21 from carrying certain firearms in public at all (subject, in some States, to exceptions).[1]  An additional 19 States—Alaska, Arizona, Arkansas, California, Colorado, Kentucky, Louisiana, Michigan, Nebraska, Nevada, New Mexico, North Carolina, Ohio, Oregon, Utah, Virginia, Washington, Wisconsin, and Wyoming—prohibit people under the age of 21 from carrying certain firearms in public in a concealed manner (in some States, with exceptions), but permit them to carry those firearms openly (or, in one State, the opposite).[2]  Some of these same States have made other judgments with

---

[1]  Conn. Gen. Stat. §§ 29-28(b), 29-35(a); D.C. Code § 7-2509.02(a)(1); Del. Code Ann. tit. 11, § 1448(a)(5); Fla. Stat. §§ 790.06(1), (2)(b), 790.053(1); Ga. Code §§ 16-11-125.1(2.1), 16-11-126(g)(1), 16-11-129(b)(2)(A); Haw. Rev. Stat. § 134-9(a); 430 Ill. Comp. Stat. 66/25(1); 720 Ill. Comp. Stat. 5/24-1(a)(10); Md. Public Safety Code § 5-133(d); Mass. Gen. Laws ch. 140, § 131(d)(iv); Minn. Stat. § 624.714; N.J. Stat. §§ 2C:58-3(c)(4), 2C:58-4(c); N.Y. Penal Law § 400.00(1); Okla. Stat. tit. 21 § 1272(A); R.I. Gen. Laws §§ 11-47-11, 11-47-18; S.C. Code § 23-31-215(A).  The provision of Delaware law barring people under the age of 21 from possessing certain firearms (and thus from carrying them in public) takes effect July 1, 2025.  Del. Code Ann. tit. 11, § 1448(a)(5)(e).

[2]  Alaska Stat. §§ 11.61.220(a)(6), 18.65.705; Ariz. Rev. Stat. §§ 13-3102(A)(2), 13-3112(E); Ark. Code § 5-73-309; Cal. Penal Code §§ 26150(a)(2), 26155(a)(2); Colo. Rev. Stat. § 18-12-203(1)(b); Ky. Rev. Stat. § 237.110(4)(c); La. Rev. Stat. § 40:1379.3(C)(4); Mich. Comp. Laws § 28.425b(7)(a); Neb. Rev. Stat. § 69-2433; Nev. Rev. Stat.

respect to people under the age of 21, including prohibiting them from purchasing some or all firearms[3] or from possessing them at all.[4] Congress, too, has enacted restrictions that are unique to individuals under 21, prohibiting them from purchasing handguns from federally licensed firearms dealers.[5] The restriction the panel opinion holds unconstitutional, in other words, is not an outlier; it is consistent with

---

§ 202.3657(3)(a)(1); N.M. Stat. § 29-19-4(A)(3); N.C. Gen. Stat. § 14-415.12(a)(2); Ohio Rev. Code § 2923.125(D)(1)(b); Or. Rev. Stat. § 166.291(1)(b); Utah Code §§ 76-10-505, 76-10-523(5); Va. Code § 18.2-308.02(A); Wash. Rev. Code § 9.41.070; Wis. Stat. § 175.60(3)(a); Wyo. Stat. § 6-8-104(a)(iv), (b)(ii).

[3] Cal. Penal Code §§ 27505, 27510; Col. Rev. Stat. § 18-12-112.5(a.5); Conn. Gen. Stat. § 29-34(b); D.C. Code Ann. §§ 7-2502.03(a)(1), 7-2505.2(c), 22-4507; Del. Code Ann. tit. 24, § 903; Fla. Stat. § 790.065(13); Haw. Rev. Stat. Ann. § 134-2(a), (d), (h); 430 Ill. Comp. Stat. 65/3(a), 65/4(a)(2); Iowa Code § 724.22(2); Mass. Gen. Laws ch. 140, §§ 130, 131E(b); Md. Code Ann., Pub. Safety § 5-134(b); Mich. Comp. Laws § 28.422(3)(b), (12); Mo. Rev. Stat. § 571.080; Neb. Rev. Stat. §§ 69-2403, 69-2404; N.J. Stat. Ann. §§ 2C:58-3(c)(4), 3.3(c), 6.1(a); N.Y. Penal Law § 400.00(1), (12); Ohio Rev. Code Ann. § 2923.21(A)(2); R.I. Gen. Laws §§ 11-47-35(a)(1), 11-47-37; Vt. Stat. Ann. tit. 13, § 4020; Wash. Rev. Code Ann. § 9.41.240.

[4] Conn. Gen. Stat. § 29-36f; D.C. Code Ann. § 7-2502.03(a)(1); Del. Code Ann. tit. 11, § 1448(a)(5); Haw. Rev. Stat. Ann. § 134-2(a), (d); 430 Ill. Comp. Stat. 65/2(a)(1), 65/4(a)(2); Iowa Code § 724.22; Md. Code Ann., Pub. Safety §§ 5-101(r), 5-133(d); Mass. Gen. Laws ch. 140, § 131(d)(iv); N.J. Stat. Ann. § 2C:58-6.1(b); N.Y. Penal Law § 400.00(1)(a); Wash. Rev. Code Ann. § 9.41.240(2), (3).  This aspect of Delaware's law takes effect on July 1, 2025. *Supra* n.1.

[5] 18 U.S.C. § 922(b)(1), (c)(1).

the way a substantial majority of States and the federal government have chosen to handle this issue.

The panel opinion raises questions about the constitutionality of all these statutes.  The panel majority held that people under the age of 21 are today entitled to full protection under the Second Amendment, notwithstanding its agreement that such people would not have been considered part of "the People" at the time the Amendment was ratified, Op. 12-18, and held that Pennsylvania could not shoulder its historical burden under *Bruen* because it had not identified a statute in or around 1791 that restricted the rights of young adults to carry firearms, Op. 21-26.  Although many of amici States' own laws are distinguishable in multiple respects, including in the specific limitations they place on those under the age of 21, *supra* pp. 4-6, the panel's broad reasoning could be read to call into question any statute that burdens the Second Amendment rights of individuals in that age range.  The panel opinion thus at minimum will raise questions about statutes enacted by over 30 States and the federal government that protect public safety by limiting young people's access to firearms.

The amici States are committed both to defending the constitutionality of their statutes and to protecting their communities from the dangers of gun violence.  But the majority's broad reasoning could threaten their ability to do so, in that it may prompt litigants and even other courts to adopt a flawed and expansive view of the Second Amendment that could impair the amici States' ability to enforce their longstanding and effective public-safety statutes.  Those consequences are likely to be most acutely felt in amici States Delaware and New Jersey, which will be governed directly by the panel opinion.  New Jersey prohibits individuals under the age of 21 from obtaining permits to purchase or publicly carry handguns, N.J. Stat. §§ 2C:58-3(c)(4), 2C:58-4(c), and likewise prohibits such individuals from possessing handguns except in specific circumstances, *id.* § 2C:58-6.1(b).  Delaware prohibits the sale of handguns to people under the age of 21, Del. Code Ann. tit. 24, §§ 901, 903, and will soon prohibit people under 21 from possessing handguns, *id.* tit. 11, § 1448(a)(5).  In both States, too, the panel opinion will raise serious questions about the constitutionality of the federal restriction on commercial sales of handguns to individuals under 21.  *See* 18 U.S.C. § 922(b)(1), (c)(1).  Again, all of these statutes

8

are distinguishable from the Pennsylvania law challenged here, but the
majority's reasoning nevertheless casts a cloud over these important
public-safety measures.

### B. The panel opinion sets out a methodological rule that is out of step with Supreme Court precedent and will threaten state firearm regulations in other contexts.

The panel opinion should be reheard en banc for a second reason:
It resolves a significant methodological question left open by *Bruen* in a
manner that is out of step with Supreme Court precedent and that, if
left uncorrected, will threaten amici States' ability to defend all manner
of firearms regulations under *Bruen*'s historical approach. That, too,
warrants rehearing en banc.

Under *Bruen*, if a plaintiff establishes that a state firearms
regulation covers conduct that is protected by the Second Amendment,
the State must show that the regulation "is consistent with the Nation's
historical tradition of firearm regulation." 597 U.S. at 24. But *Bruen*
left open the extent to which a State could rely on historical evidence
from the Reconstruction Era—when the Second Amendment was
formally incorporated against the States—as opposed to evidence from
the Founding. *See id.* at 37-38 ("We need not address this issue

today . . . .").  The panel opinion expressly resolves this open question

with respect to those cases in which the court identifies a conflict

between the Founding Era evidence and the Reconstruction Era

evidence, holding that, in such cases, "the Second Amendment should

be understood according to its public meaning in 1791."  Op. 21; *see* Op.

22 n.14 ("[I]f there is daylight between how each generation understood

a particular right, we must pick between the two timeframes . . . .").  On

that basis, the panel opinion "set aside" 20 Reconstruction Era statutes

identified by Pennsylvania—statutes enacted by over half of the States

in the Union—that are directly comparable to the challenged statute,

concluding that they were enacted too late to be relevant *at all*.  Op. 22

& n.15.

That holding is enormously consequential:  It excludes from

consideration centuries' worth of history, limiting the scope of courts'

review to those laws passed by the time of the Founding.  The panel

majority's methodological innovation will apply in any Second

Amendment case arising in this circuit in which a panel identifies

conflicting historical understandings of the Second Amendment

between the Founding and Reconstruction Eras, circumscribing States'

ability to advance (and future panels' ability to adopt) a more nuanced

view of the historical evidence supporting regulations of firearms. That

decision should be made by the en banc court, not by two members of a

divided panel.

En banc review is also warranted because the panel majority's

methodological holding—that only Founding Era historical evidence is

relevant to the Second Amendment analysis when there is evidence that

the Amendment was understood differently by the 1800s—is hard to

square with Supreme Court precedent and fundamental principles of

constitutional adjudication. As *Bruen* observed, the States are "bound

to respect the right to keep and bear arms because of the Fourteenth

Amendment, not the Second." 597 U.S. at 37. For that reason, a

critical question in any case challenging a state firearms law is how the

People understood the Second Amendment in 1868, when the Bill of

Rights was incorporated against the States. Indeed, the Court in

*McDonald v. City of Chicago*, which held that the Second Amendment

was incorporated against the States via the Fourteenth Amendment,

conducted an extensive analysis of the evidence of the Reconstruction

Era understanding of the right to bear arms, *see* 561 U.S. 741, 770-78

(2010), and Justice Thomas wrote separately to emphasize his reading of the Fourteenth Amendment as "agreed upon by those who ratified it," *id.* at 813 (Thomas, J., concurring in part and in the judgment)—i.e., by the Reconstruction Era generation.

Following *McDonald*, multiple courts of appeals have held that the most relevant historical evidence in a Second Amendment challenge to a state statute is evidence of how States understood the Amendment during the Reconstruction Era.  *See, e.g.*, *Ezell v. City of Chicago*, 651 F.3d 684, 702 (7th Cir. 2011) ("this wider historical lens is required" and "*McDonald* confirms that when state- or local-government action is challenged, . . . the Second Amendment's scope as a limitation on the States depends on how the right was understood when the Fourteenth Amendment was ratified."); *United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012) (similar); *Gould v. Morgan*, 907 F.3d 659, 669 (1st Cir. 2018) (similar).  That reasoning makes good sense:  There is no basis to suggest that the States would have bound themselves in 1868 to a reading of the Second Amendment that was not, in fact, their own.  The reasoning in these opinions, not the panel opinion, thus correctly interprets the Second Amendment and would give proper weight to

*Bruen*'s guidance that a modern firearms law is constitutional if it is "consistent with this Nation's historical tradition of firearm regulation." 567 U.S. at 17. The Court should grant rehearing en banc to follow this line of authority.

## CONCLUSION

The Court should grant the petition for rehearing en banc.

Respectfully submitted,

KATHLEEN JENNINGS
Attorney General
State of Delaware

MATTHEW J. PLATKIN
Attorney General
State of New Jersey

KWAME RAOUL
Attorney General
State of Illinois

JANE ELINOR NOTZ
Solicitor General

/s/ Alex Hemmer
ALEX HEMMER
Deputy Solicitor General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-5526
alex.hemmer@ilag.gov

ROB BONTA
*Attorney General*
*State of California*
1300 I Street
Sacramento, CA 95814

PHILIP J. WEISER
*Attorney General*
*State of Colorado*
1300 Broadway, 10th Floor
Denver, CO 80203

WILLIAM TONG
*Attorney General*
*State of Connecticut*
165 Capitol Avenue
Hartford, CT 06106

BRIAN L. SCHWALB
*Attorney General*
*District of Columbia*
400 6th Street NW, Suite 8100
Washington, DC 20001

ANNE E. LOPEZ
*Attorney General*
*State of Hawai'i*
425 Queen Street
Honolulu, HI 96813

ANTHONY G. BROWN
*Attorney General*
*State of Maryland*
200 Saint Paul Place
Baltimore, MD 21202

ANDREA JOY CAMPBELL
*Attorney General*
*Commonwealth of*
*Massachusetts*
One Ashburton Place
Boston, MA 02108

DANA NESSEL
*Attorney General*
*State of Michigan*
P.O. Box 30212
Lansing, MI 48909

KEITH ELLISON
*Attorney General*
*State of Minnesota*
102 State Capitol
75 MLK Jr, Blvd.
St. Paul, MN 55155

AARON D. FORD
*Attorney General*
*State of Nevada*
100 North Carson Street
Carson City, NV 8970

RAÚL TORREZ
*Attorney General*
*State of New Mexico*
201 3rd Street NW
Albuquerque, NM 87109

LETITIA JAMES
*Attorney General*
*State of New York*
28 Liberty Street
New York, NY 10005

ELLEN F. ROSENBLUM
*Attorney General*
*State of Oregon*
1162 Court Street NE
Salem, OR 97301

PETER F. NERONHA
*Attorney General*
*State of Rhode Island*
150 South Main Street
Providence, RI 02903

CHARITY R. CLARK                    ROBERT W. FERGUSON
*Attorney General*                  *Attorney General*
*State of Vermont*                  *State of Washington*
109 State Street                    P.O. Box 40100
Montpelier, VT 05609                Olympia, WA 98504

February 22, 2024

## CERTIFICATE OF COMPLIANCE

1.      Pursuant to Third Circuit Local Appellate Rule 46.1(d), I certify that I am a member of the bar of this Court.

2.      I certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(b)(4) because it contains 2,600 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii).  This brief complies with the typeface requirement of Rule 32(a)(5) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word.

3.      Pursuant to Third Circuit Local Appellate Rule 31.1(c), I certify that the text of the electronic copy of this brief is identical to the text in the paper copies of the brief.

4.      Pursuant to Third Circuit Local Appellate Rule 31.1(c), I certify that a virus detection program was performed on this electronic brief and that no virus was detected.


                                        /s/ Alex Hemmer
                                        ALEX HEMMER

February 22, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2024, I electronically filed the foregoing Brief of Amici Curiae Illinois et al. with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


/s/ Alex Hemmer
ALEX HEMMER