IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| MADISON M. LARA, *et al.*, | : | CIVIL ACTION |
| Appellants | : | |
| v. | : | |
| COMMISSIONER PENNSYLVANIA STATE POLICE, | : | |
| Appellee | : | No. 21-1832 |

## COMMISSIONER'S MOTION TO REMAND TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS

The United States Supreme Court recently issued an order in this case granting certiorari, vacating this Court's decision, and remanding for further proceedings in light of *United States v. Rahimi*, 144 S. Ct. 1889 (2024). *See Paris v. Lara, et al.*, 24-93 (U.S. 2024). Pursuant to Supreme Court Rule 45.3, the certified copy of the High Court's judgment will be issued on November 18, 2024. Appellee Christopher Paris, Commissioner of the Pennsylvania State Police, respectfully requests that once this matter is formally remanded by the Supreme Court, this Court, in turn, remand this matter to the District Court for further proceedings in the first instance.

When the Commissioner filed his motion to dismiss in the District Court in 2021, he did not have the benefit of either *Rahimi* or *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Accordingly, the Commissioner's arguments

1

below focused on a now-defunct framework and since-overturned precedents. *See*, *e.g.*, Commissioner's Motion to Dismiss Br. at 13-24 (Dist. Ct. Dkt. ECF No. 24) (citing, *inter alia*, *United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010) and *Drake v. Filko*, 724 F.3d 426 (3d Cir. 2013)). And because the Commissioner's initial appellate brief was also filed before *Bruen*, he reiterated those arguments on appeal. *See, e.g.*, Commissioner's Response Br. at 23-26 (3d Cir. Dkt. ECF No. 23) (citing, inter alia, *Marzzarella* and *Drake*). Since then, the legal landscape for analyzing Second Amendment claims has been upended.

Initially, *Bruen* clarified that the *government*—and not the plaintiff challenging the law—bears the burden in Second Amendment cases of demonstrating that its regulation is "consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24, *see also Rahimi*, 144 S. Ct. 1896. Then, *Rahimi* "clarified the level of generality at which courts compare modern regulations with historical analogues" under *Bruen*'s methodology. *United States v. Williams*, 113 F.4th 637, 645 n.2 (6th Cir. 2024). Specifically, *Rahimi* clarified that a modern law does not need to "precisely match its historical precursors" and that the government only needs to demonstrate that "the challenged regulation is consistent with the *principles* that underpin our regulatory tradition." 144 S.Ct. at 1898 (emphasis added).

Because neither the parties nor the District Court had the benefit of *Bruen* and *Rahimi*, this Court did not have the benefit of a full historical record before it when it resolved this appeal. A remand to the District Court, however, would allow the parties to shape their arguments and presentation of historical evidence consistent with the High Court's clarification of the proper methodology in Second Amendment cases.

WHEREFORE, the Commissioner respectfully requests that once this matter is formally remanded by the High Court, this Court remand the case to the District Court for further proceedings consistent with *Bruen* and *Rahimi*.

                Respectfully submitted,

                MICHELLE A. HENRY
                Attorney General

By:   /s/ Daniel B. Mullen

                DANIEL B. MULLEN
                Deputy Attorney General
                Bar No. 321525 (Pa.)

                SEAN A. KIRKPATRICK
                Chief Deputy Attorney General
                Chief, Appellate Litigation Section

Office of Attorney General
1251 Waterfront Place
Pittsburgh, PA 15222
Phone: (412) 235-9067
FAX:  (412) 565-3028

DATE: October 17, 2024

# CERTIFICATE OF SERVICE

I, Daniel B. Mullen, Deputy Attorney General, certify that I have served the foregoing Motion via electronic service on the following:

David H. Thompson
Peter A. Patterson
John D. Ohlendorf
Cooper Kirk, PLLC
(*Counsel for Appellants*)

Joshua Prince
Civil Rights Defense Firm, P.C.
(*Counsel for Appellants*)

Lisa Ebersole
Everytown for Gun Safety
(*Counsel for Amicus Curiae*)

Alex Hemmer
State of Illinois
Office of Attorney General
(*Counsel for Amicus Curiae*)

James P. Davy
Giffords Center to Prevent Gun Violence
Ceasefire Pennsylvania Education Fund
(*Counsel for Amicus Curiae*)

By:   */s/ Daniel B. Mullen*

DANIEL B. MULLEN
Deputy Attorney General

DATE: October 17, 2024