No. 21-1832

# In The United States Court of Appeals For the Third Circuit

MADISON M. LARA, SOPHIA KNEPLEY, LOGAN D. MILLER, SECOND AMENDMENT FOUNDATION, INC., AND FIREARMS POLICY COALITION, INC.,

*Plaintiffs-Appellants*,

v.

COMMISSIONER PENNSYLVANIA STATE POLICE,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (20-cv-1582)
(Hon. William S. Stickman, IV, Presiding)

**PLAINTIFFS-APPELLANTS' OPPOSITION TO THE COMMISSIONER'S MOTION TO REMAND**

Joshua Prince, Esq.
CIVIL RIGHTS DEFENSE FIRM, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-9297
(610) 400-8439 (fax)
Joshua@CivilRightsDefenseFirm.com

David H. Thompson
Peter A. Patterson
John D. Ohlendorf
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

The Commissioner has moved to remand this case to the district court to consider, in the first instance, how to apply *United States v. Rahimi*, 144 S. Ct. 1889 (2024), because his "arguments below focused on a now-defunct framework and since-overturned precedents," Comm'r Mot. at 1–2, Doc. 92 (Oct. 17, 2024), and a remand "would allow the parties to shape their arguments and presentation of historical evidence consistent with the High Court's clarification of the proper methodology in Second Amendment cases," *id.* at 3. But there is no good reason to remand this case following *Rahimi*, which applies the same framework the Supreme Court laid out two years previously in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and which this Court has already applied here, *see Lara v. Comm'r Pennsylvania State Police*, 91 F.4th 122, 128–30 (3d Cir. 2024), *granted, vacated and remanded* No. 23A980, 2024 WL 4486348 (U.S. Oct. 15, 2024) (Mem.). *Rahimi* merely applies and elaborates upon the analysis prescribed by *Bruen*, it does not require the marshaling of different evidence or wholly different arguments than those that were made to this Court in supplemental briefing after *Bruen*.

It is hard to understand why the Commissioner would seek a remand at this juncture, given that he did not ask for remand after the Supreme Court's much more significant decision in *Bruen*. At that point, even though "*Bruen* represented a sea-change in Second Amendment jurisprudence," *United States v. Dorsey*, 105 F.4th

1

526, 530 (3d Cir. 2024), the Commissioner was content to litigate the application of *Bruen* to this case in this Court. Indeed, he defended the district court's decision under *Bruen* on the ground that its pre-*Bruen* ruling was "entirely consistent with [the *Bruen*] framework," Appellee's Ltr. Br. at 1, Doc. 57 (July 25, 2022), emphasizing that the district court had resolved this case at the old "step-one" analysis, without resorting to interest balancing, and pointing out that *Bruen* held that the old step-one analysis was "broadly consistent" with *Bruen* and *Heller*, Appellee's Reply to Appellants' Ltr. Br. at 3, Doc. 62 (Aug. 8, 2022). As such, the Commissioner pointed out in his post-*Bruen* supplemental brief that his pre-*Bruen* submission (and the pre-*Bruen* submission of his supporting amicus) had already detailed the sort of historical evidence that *Bruen* required. *See* Appellee's Ltr. Br. at 12–13. The historical evidence required under *Rahimi* is not different in any way from that required under *Bruen*, *see Rahimi*, 144 S. Ct. at 1897–98 (discussing *Bruen* methodology); *compare id.* at 1899–1900 (discussing analogical value of surety laws) *with Bruen*, 597 U.S. at 56 (same), so it is very hard to see why the Commissioner has abandoned his previous position.

The Commissioner had the right idea then; he does not now. Even though the Plaintiffs (and the panel) disagreed with the district court's conclusion, the Commissioner was correct that the fundamental question the district court tried to answer—and to which the parties directed their briefing both below and to this

2

Court—was whether the Pennsylvania laws limiting firearm carriage by 18-to-20-year-olds during declared states of emergency "fall outside the scope of the Second Amendment." *Lara v. Evanchick*, 534 F. Supp. 3d 478, 483 (W.D. Pa. 2021). That is the same question *Bruen* and *Rahimi* both direct this Court to answer here.

The opportunity to argue why he believes *Rahimi* helps his case in briefing to this Court is more than adequate to protect the Commissioner's interest in defending the challenged Pennsylvania laws at issue here. Remanding to the district court to re-consider in light of *Rahimi* the purely legal question posed by this case, after this Court has already considered the question under *Bruen*, "would be a waste of judicial resources in light of the fact that the district court has no comparative advantage [in answering that question].… An appeal from any district court decision after remand is likely, and [this Court's] review of the district court's decision would be *de novo*." *Comite' De Apoyo A Los Trabajadores Agricolas v. Perez*, 774 F.3d 173, 187 (3d Cir. 2014) (quotations and citations omitted). It is unsurprising, then, that in both this case and others like it, the Supreme Court and the circuit courts have wisely eschewed unnecessary, resource-wasting remands. For starters, *Bruen* itself demonstrates that even when the judicial standard changes significantly (which, again, is not the case here following *Rahimi*), appellate courts are more than capable of resolving questions about the scope of the Second Amendment based on the information presented to them by the parties in briefing. In that case the Court

3

rejected pleas for a remand from both the dissenting justices and New York, explaining that "in light of the text of the Second Amendment, along with the Nation's history of firearm regulation," it had enough information in front of it to conclude "that a state may not prevent law-abiding citizens from publicly carrying handguns because they have not demonstrated a special need for self-defense." *Bruen*, 597 U.S. at 33 n.8.

The circuit courts have followed the Supreme Court's example. Even though the decision in *Rahimi* resulted in several GVR orders similar to the one in this case, Plaintiffs are not aware of a *single* case that was sent back down to the district court rather than retained by the appellate court for review of its decision in the first instance, and several courts have explicitly recognized that *Rahimi* did not importantly alter their analyses under *Bruen*. *See United States v. Jackson*, 110 F.4th 1120, 1121–22 (8th Cir. 2024) ("The case is now on remand from the Supreme Court for further consideration in light of *United States v. Rahimi* … *Rahimi* does not change our conclusion in this appeal."); *Antonyuk v. James*, Nos. 22-2908(L), 22-2972(Con), 2023 WL 11963034, at *2 (2d Cir. Oct. 24, 2024) ("For the most part, the methodology adopted in *Rahimi* is consonant with the one we applied in our prior consolidated opinion, and the Court's analysis in *Rahimi* therefore supports our prior conclusions.") (summary); *see also United States v. Cunningham*, 114 F.4th 671, 673 (8th Cir. 2024); *United States v. Doss*, No. 22-3662, 2024 WL 3964616, at 1 (8th

4

Cir. Aug. 28, 2024) (per curiam); Case Calendared, *United States v. Daniels*, No. 22-60596 (5th Cir. Aug. 16, 2024), Doc. 177 (setting oral argument); Court Directive, *Daniels*, No. 22-60596 (5th Cir. Sept. 13, 2024), Doc. 183 (requesting supplemental briefs in remanded case); Order, *Vincent v. Garland*, No. 21-4121 (10th Cir. Aug. 5, 2024), Doc. 116 (requesting supplemental briefs in remanded case).

This Court acted in line with its sister circuits in *Range v. Garland*, which it is currently reconsidering en banc. *See* Tr. of 10/09/2024 Oral Argument, No. 21-2835 (3d Cir. Oct. 23, 2024), Doc. 154. And the Court's approach to date in this particular case is consistent with these other precedents. This case came to this court on appeal from the denial of Plaintiffs' motion for preliminary injunction and the grant of the Commissioner's motion to dismiss. *Lara*, 91 F.4th at 128. Nevertheless, because in reversing the district court's judgment this Court had to conclude that the Second Amendment protected the right of 18-to-20-year-olds to carry firearms in public for self-defense, the Court did not direct the parties to resume litigating the case in the district court but instead simply ordered entry of a permanent injunction in Plaintiff's favor. *Id.* at 140.

There is no more reason to remand this case than now than there was at any earlier point in this litigation. The Court should deny the Commissioner's motion.

Dated: October 29, 2024                              Respectfully submitted,

| | |
|---|---|
| Joshua Prince, Esq.<br>CIVIL RIGHTS DEFENSE FIRM, P.C.<br>646 Lenape Road<br>Bechtelsville, PA 19505<br>(888) 202-9297<br>(610) 400-8439 (fax)<br>joshua@civilrightsdefensefirm.com | s/ David H. Thompson<br>David H. Thompson<br>Peter A. Patterson<br>John D. Ohlendorf<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 220-9600<br>(202) 220-9601 (fax)<br>dthompson@cooperkirk.com |

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF BAR MEMBERSHIP

I hereby certify that I am a member of the bar of this Court.

Dated: October 29, 2024                     s/ David H. Thompson
                                                                                                      David H. Thompson
                                                                                                      *Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limitations of FED. R. APP. P. 27(d)(2)(A) because this motion contains 1,264 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

This motion complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this motion has been prepared in a proportionately spaced typeface using Microsoft Word for Microsoft Office 365 in 14-point Times New Roman font.

The Portable Document Format version of the attached document has been scanned for viruses using VirusTotal Antivirus Software, and according to that program, the document is free of viruses.

Dated: October 29, 2024                            s/ David H. Thompson  
                                                    David H. Thompson  
                                                    *Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on October 29, 2024. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: October 29, 2024　　　　　　　　　　　s/ David H. Thompson
　　　　　　　　　　　　　　　　　　　　　　　David H. Thompson

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs-Appellants*