IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| MADISON M. LARA, *et al.*, | : | CIVIL ACTION |
| Appellants | : | |
| v. | : | |
| COMMISSIONER PENNSYLVANIA STATE POLICE, | : | |
| Appellee | : | No. 21-1832 |

**COMMISSIONER'S RESPONSE TO MOTION TO ENLARGE THE RECORD ON APPEAL**

In October, Appellants insisted that there was "no good reason" to remand this case back to the District Court. (3d Cir. ECF 93 at 2). The Commissioner explained that at least one reason to remand was that Appellants would need new evidence that their members are impacted by Pennsylvania's law in order to preserve their organizational standing. (3d Cir. ECF 96 at 6-8) ("If the Organizational Plaintiffs attempt to enlarge the record on appeal for a second time with new, untested evidence about their membership, this only proves that the record is deficient on this point and that further proceedings in the District Court are necessary."). This Court nonetheless denied the Commissioner's motion. (3d Cir. ECF 102). Now—for the second time on appeal—Appellants seek to enlarge the record on appeal with a conspicuously vague declaration in the hopes that this Court

will—again—deny the Commissioner any opportunity depose the declarant or otherwise challenge this evidence. (3d Cir. ECF 114). Because the Commissioner should be entitled to conduct discovery and test Appellants' jurisdictional evidence, this Court should deny Appellants' request to enlarge the record on appeal. Instead, this matter should be remanded to the District Court, as the Commissioner requested previously.

It is well-established that federal courts are powerless unless they have jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). It is equally well-established that for jurisdiction to exist, the plaintiff must have "standing to sue." *Id.* at 102. Standing, in turn, is a highly fact-bound inquiry that requires the plaintiff to demonstrate: (1) injury in fact; (2) causation—*i.e.*, a "fairly traceable" connection between the plaintiff's purported injury and the complained-of conduct of the defendant; and (3) redressability—*i.e.*, a likelihood that the requested relief will redress the alleged injury. *Id.* at 103. "[T]he party invoking federal jurisdiction"—*i.e.*, the plaintiff—"bears the burden of establishing" standing. *Id.* at 104.

As the Commissioner explained previously, these standing requirements overlap with the Eleventh Amendment bar on suits against states. Response Br. at 15-28 (3d Cir. ECF 23). To overcome that bar, Appellants must establish, *inter alia*, that the official sued has "threaten[ed] and [is] about to commence proceedings" to

enforce the challenges law against the plaintiffs. *Ex parte Young*, 209 U.S. 123, 157 (1908); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988) (under *Ex parte Young*, there must be a "real, not ephemeral, likelihood or realistic potential" that the official sued will enforce the challenged in a manner that is "against the plaintiff's interests").

Pre-merits jurisdictional questions require the "weighing [of] **evidence** presented by the parties." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000). (emphasis added). But evidence, of course, is "typically obtained through discovery." *Singh v. Uber Techs. Inc.*, 939 F.3d 210, 216 (3d Cir. 2019). For this reason, "parties should be granted a fair opportunity to engage in jurisdictional discovery so as to adequately define and submit to the court facts necessary for a thorough consideration of the issue." *Fed. Ins. Co. v. Richard I. Rubin & Co.*, 12 F.3d 1270, 1284 (3d Cir. 1993).[1]

As Appellants acknowledge—at least implicitly—their organizational standing turns on having at least one member who would have standing to litigate

---

[1] Although this case was discussing sovereign immunity in particular, as noted, sovereign immunity and standing overlap. *Doe v. Holcomb*, 883 F.3d 971, 975-76 (7th Cir. 2018) ("[A] plaintiff must show that the named state official plays some role in enforcing the statute in order to avoid the Eleventh Amendment. But, in order to satisfy the requirements of causation and redressability, he must also establish that his injury is causally connected to that enforcement and that enjoining the enforcement is likely to redress his injury."); *Dig. Recognition Network v. Hutchinson*, 803 F.3d 952, 956-57 (8th Cir. 2015) ("questions of Article III jurisdiction and Eleventh Amendment immunity are related").

these claims. *See, e.g.*, *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977) ("[W]e have recognized that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."). Appellants wrongly presume that *any* 18-to-20-year-old would necessarily have standing. But the vague declaration from Keegan Gaston that Appellants have proffered falls short of establishing that he would have standing.

Gaston broadly avers that he owns a handgun, desires to carry on public streets during declared emergencies, and interprets Pennsylvania's law to preclude him from doing so. Gaston Decl. at ¶¶ 5-9 (3d Cir. ECF 114-1). But at no point does he consider whether he falls under one of the 15 enumerated exceptions in Pennsylvania's statute which would exempt him from the licensing requirement all together, thus permitting him to carry *even during a proclaimed emergency*. 18 Pa.C.S. § 6106(b) (exceptions to licensing requirement); 18 Pa.C.S. § 6107(a)(2) (permitting public carry during emergencies for persons "exempt from licensing under section 6106(b)").

Is Gaston a police officer, or in the army, navy, marine corps, coast guard, National Guard, or organized reserves, thereby exempting him from the licensing

4

requirement under 18 Pa.C.S. § 6106(b)(1), (2)? We don't know because his declaration does not say.

Is Gaston duly authorized to carry a firearm as an officer or employee of the United States, thereby exempting him from the licensing requirement under 18 Pa.C.S. § 6106(b)(7)? We don't know because his declaration does not say.

Does Gaston have a valid license to carry issued by another state, thereby exempting him from the licensing requirement under 18 Pa.C.S. § 6106(b)(15)? *See* Andrew Williner, "Firearms, State Boarders, and Article IV Privileges and Immunities," *Duke Center for Firearms Law, Second Thoughts Blog* (Dec. 5, 2025) (observing that "most states" do not have residency requirements for concealed-carry permits).[2] Again, we don't know because his declaration does not say.[3]

Fortunately, the federal judiciary has both a process and a forum to adjudicate these questions: discovery in the district court. Given the conspicuous absence of allegations about the exemptions in Pennsylvania's law, it would be profoundly unfair to allow Appellants—for the second time—to avoid any discovery and

---

[2] Available at: https://tinyurl.com/2afzje5u.

[3] In contrast to the Gaston declaration, the individual plaintiffs provided much more specific declarations, as well as actual evidence that they had cleared criminal background checks. *See, e.g.*, JA96 (S. Knepley criminal record check); JA114-119 (decl. of S. Knepley).

maintain organizational standing with a vague post-appeal declaration. It would also be procedurally improper.

Appellants claim that this Court "may consider any evidence bearing on whether an appeal is moot." Motion at ¶ 1 (ECF 114) (citing *Constand v. Cosby*, 833 F.3d 405, 409 (3d Cir. 2016)). But they remove that statement in *Constand* from its context.

In *Constand*, this Court was weighing whether an appeal from a district court's order unsealing court documents became moot once those documents became publicly available and widely disseminated. *Id.* at 407-10. This Court took *judicial notice* that the contents of the documents were widely reported in various news outlets, including the New York Times and the Associated Press. *Ibid.* This Court did not enlarge the record on appeal with *evidence* newly-complied by one of the parties. Instead, it considered the underlying record and took *judicial notice* of news reports about that record. So when this Court said it could consider "any evidence," it was talking about "generally known" evidence that could be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201. A vague, disputed declaration complied nearly four years after the notice of appeal was filed is not amenable to judicial notice.

Judicial notice is ordinarily limited to facts that are "not subject to reasonable dispute because" they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201. Thus, this Court will generally take judicial notice of new developments that bear on mootness when those developments are public documents like court filings or other public records. *See Landy v. Fed. Deposit Ins. Corp.*, 486 F.2d 139, 151 (3d Cir. 1973) (taking judicial notice of a related FDIC complaint filed in the same district court); *Cnty. of Butler v. Wolf*, 8 F.4th 226, 229-30 (3d Cir. 2021) (taking judicial notice of expired COVID-19 mitigation orders).

But when it comes to documents like the declaration Appellants attempt to supplement here, this Court has allowed supplementation on appeal only when there is no dispute among the parties about that evidence. *See, e.g.*, *Brody v. Spang*, 957 F.2d 1108, 1114 n.4 (3d Cir. 1992) (considering fact not of record where the parties submitted a joint stipulation under Fed.R.App.P. 10(e)); *Clark v. K-Mart Corp.*, 979 F.2d 965, 967 (3d Cir. 1992) (considering supplemental facts that were either "unrebutted or deemed admitted") (citing *Brody*, *supra*); *see also TD Bank N.A. v. Hill*, 928 F.3d 259, 268 (3d Cir. 2019) (citing *Clark*, *supra*).

In those instances where there is no stipulation as to the newly-compiled, post-appeal evidence—as is the case here—the motion to supplement should be denied. *See Weber v. Quinlan*, 792 Fed.Appx. 214, 218 n.8 (3d Cir. 2019) (rejecting

appellant's effort to introduce *new evidence,* but noting that the Court can "take *judicial notice* of new developments not considered by the lower court") (emphasis added, citations omitted)). Alternatively, this Court will remand to the lower court to assess whether a case is moot. *See Sutton v. Rasheed*, 323 F.3d 236, 245 (3d Cir. 2003) (noting that this Court remanded to the district court to decide whether the case was moot in light of competing evidence post-appeal); *see also Clark*, 979 F.2d at 967 ("Because the facts at issue were unrebutted or deemed admitted, *there is no need to remand.*") (emphasis added). Undersigned counsel is aware of no decision from this Court (before this one)—and Appellants certainly do not cite one—in which this Court simply took judicial notice of non-stipulated evidence, as Appellants request here.[4]

Although this Court permitted Appellants to enlarge the record on appeal once before with an equally-vague declaration, respectfully, this was an error that should not be repeated. If Appellants want to demonstrate that they will continue to have standing, a remand for further development of the record is necessary.

---

[4] Appellants' citation to the Fifth Circuit's order in *Reese v. BATFE*, 23-3303 (5th Cir. Jan. 30, 2024) in which that court permitted the record to be supplemented on appeal only reinforces the Commissioner's position. Unlike here, the opposing party in *Reese* took no position on the motion to enlarge the record on appeal and did not file a response, let alone a remand request.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By: /s/ Daniel B. Mullen
_____

DANIEL B. MULLEN
Deputy Attorney General
Bar No. 321525 (Pa.)

SEAN A. KIRKPATRICK
Chief Deputy Attorney General
Chief, Appellate Litigation Section

Office of Attorney General
1251 Waterfront Place
Pittsburgh, PA 15222
Phone: (412) 235-9067
FAX:   (412) 565-3028

DATE: December 16, 2024

# CERTIFICATE OF SERVICE

I, Daniel B. Mullen, Deputy Attorney General, certify that I have served the foregoing document via electronic service on the following:

David H. Thompson
Peter A. Patterson
John D. Ohlendorf
Cooper Kirk, PLLC
(*Counsel for Appellants*)

Joshua Prince
Civil Rights Defense Firm, P.C.
(*Counsel for Appellants*)

Lisa Ebersole
Everytown for Gun Safety
(*Counsel for Amicus Curiae*)

Alex Hemmer
State of Illinois
Office of Attorney General
(*Counsel for Amicus Curiae*)

James P. Davy
Giffords Center to Prevent Gun Violence
Ceasefire Pennsylvania Education Fund
(*Counsel for Amicus Curiae*)

By: */s/ Daniel B. Mullen*

DANIEL B. MULLEN
Deputy Attorney General

DATE: December 16, 2024