No. 21-1832

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

MADISON M. LARA, *et al.*,
*Plaintiffs-Appellants*,

v.

COMMISSIONER PENNSYLVANIA STATE POLICE,
*Defendant-Appellee*.

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2:20-cv-01582) (Hon. William S. Stickman)

**CONSENT MOTION FOR LEAVE TO FILE
AMICUS BRIEF OF EVERYTOWN FOR GUN SAFETY IN
SUPPORT OF DEFENDANT-APPELLEE'S PETITION FOR
PANEL REHEARING OR REHEARING EN BANC**

| | |
|---|---|
| Sana S. Mesiya<br>Everytown Law<br>P.O. Box 14780<br>Washington, DC 20044 | Janet Carter<br>William J. Taylor, Jr.<br>Priyanka Gupta Sen<br>Everytown Law<br>450 Lexington Avenue<br>P.O. Box 4184<br>New York, NY 10163<br>(646) 324-8174 |
| February 18, 2025 | jcarter@everytown.org |

## CORPORATE DISCLOSURE STATEMENT

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund) has no parent corporations. It has no stock and hence no publicly held company owns 10% or more of its stock.

# INTRODUCTION

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund; hereafter "Everytown") respectfully moves this Court, pursuant to Federal Rule of Appellate Procedure 29(b)(2), for leave to file the accompanying brief as amicus curiae in the above-captioned matter in support of Defendant-Appellee's petition for panel rehearing or rehearing en banc. Everytown previously filed an amicus brief and a letter brief in support of Defendant-Appellee at the merits stage. *See* Dkts. 31, 61. Plaintiffs-Appellants and Defendant-Appellee consent to this motion.

# INTEREST OF AMICUS CURIAE

Everytown is the nation's largest gun-violence-prevention organization, with almost eleven million supporters across the country. Everytown was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a twenty-year-old gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. Everytown also includes a large network of gun-violence survivors who are empowered to share their

1

stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.

Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms legislation. Everytown has drawn on that expertise to file more than 100 amicus briefs in Second Amendment and other firearms cases, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked. This Court and several others have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases. *See, e.g.*, *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Antonyuk v. James*, 120 F.4th 941, 1022-23 nn.89-90 (2d Cir. 2024); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92 & n.11 (C.D. Cal. 2019), *vacated and remanded*, No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022); *see also Rehaif v. United States*, 588 U.S. 225, 255-57 nn.4 & 7 (2019) (Alito, J., dissenting); *cf. Goldstein v. Hochul*, No. 1:22-cv-08300 (S.D.N.Y. Oct. 20, 2022), Dkt. 44 (reasoned order

granting Everytown's motion for leave to file amicus brief in post-*Bruen* Second Amendment challenge).

**DESIRABILITY AND RELEVANCE OF AMICUS BRIEF**

Everytown respectfully submits that its amicus brief will assist in the Court's consideration of Defendant-Appellee's petition for panel rehearing or rehearing en banc. As Everytown's brief explains, along with the other grounds set out in the petition, *see* Dkt. 122, rehearing is warranted here to correct the panel's methodological error in focusing its historical inquiry exclusively on the founding.

More specifically, the panel concluded that the founding-era understanding of the Second Amendment should prevail over the Reconstruction-era understanding when there is an irreconcilable conflict between the two. Everytown's brief explains why that conclusion is wrong, and why both originalist principles and the strong weight of authority instead support a focus on the Reconstruction era and 1868. Accordingly, because this amicus brief expands on the compelling reasons for granting rehearing in this case, Everytown submits that it is "desirable and … relevant." Fed. R. App. P.

29(a)(3)(B). *See generally Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128 (3d Cir. 2002) (Alito, J., in chambers).

## CONCLUSION

Everytown respectfully requests that this Court grant it leave to file the accompanying amicus brief.

Dated: February 18, 2025         Respectfully submitted,

/s/ Janet Carter

Janet Carter
William J. Taylor, Jr.
Priyanka Gupta Sen
Everytown Law
450 Lexington Avenue
P.O. Box 4184
New York, NY 10163
(646) 324-8174
jcarter@everytown.org

Sana S. Mesiya
Everytown Law
P.O. Box 14780
Washington, DC 20044

# CERTIFICATIONS

I certify that:

1. I am a member of the bar of the U.S. Court of Appeals for the Third Circuit. My date of admission was August 11, 2021.

2. A virus detection program, SentinelOne, was run on the electronic version of this motion, and no virus was detected.

3. On February 18, 2025, I electronically filed this Consent Motion for Leave to File Amicus Brief of Everytown for Gun Safety in Support of Defendant-Appellee's Petition for Panel Rehearing or Rehearing En Banc with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the CM/ECF system, which will send notice to all registered CM/ECF users.

February 18, 2025  /s/ Janet Carter
*Counsel for amicus curiae*
*Everytown for Gun Safety*